**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL ADEOLUWA OLUGBENLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-3085 |
| | § | |
| SANDRA HEATHMAN, *as District* | § | |
| *Director of the Houston District Office* | § | |
| *U.S. Citizenship and Immigration* | § | |
| *Services,* | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Michael Adeoluwa Olugbenle claims that in December 2008, the United States Citizenship and Immigration Services (the "USCIS") improperly denied the Form I-130 Visa Petition for Alien Relative filed on his behalf, and because of that denied his Form I-485 Application to Register Permanent Status or Adjust Status. The stated basis for the denial was that his adoptive parent did not have legal custody over him for at least two years, as the statute and regulation require. *See* 8 U.S.C. § 1101(b); 8 C.F.R. § 204.2(d)(2)(vii). No appeal was filed. Instead, approximately 11 months later, on December 8, 2009, a new Form I-130 and I-485 were filed. These were approved on March 4, 2010.

In this lawsuit, the plaintiff challenges the 2008 denial on the basis that it prevented him from acquiring the citizenship he would have acquired though his U.S.-citizen adoptive father if the petition and application had been granted before his 18th birthday. The plaintiff was born on December 19, 1991. He asserts that the delay in granting the I-130 and I-485 Forms deprived him of that opportunity.

The record is in relevant parts undisputed.  The plaintiff entered the United States on September 13, 2004, on a B1/B2 nonimmigrant visitor visa, which authorized him to remain until March 12, 2005.  On September 14, 2004, the plaintiff's older brother, Ademola Olugbenle, executed an Acceptance of Temporary Custodial Care of Minor by Adult Resident of Alief ISD.  The same day, James Olugbenle, the plaintiff's father, executed a Power of Attorney Over Child asking that his son Ademola become the plaintiff's parent or legal guardian.  The document stated that the power of attorney had to be renewed each year.  It was filed with the Harris County Clerk on September 14, 2004.

On December 14, 2006, Ademola Olugbenle filed a Petition to Terminate Parent-Child Relationship and for Adoption of Child.  The petition sought to terminate the parent-child relationship between the plaintiff and his biological parents.  The petition stated that at the time of the hearing, the plaintiff would have lived at Ademola Olugbenle's home for six months and was under his care and control during that time.  Ademola Olugbenle stated that the plaintiff had lived with him since June 2003.  On February 13, 2007, the plaintiff's biological parents filed affidavits with the Harris Country District Court stating that they intended to surrender their parental rights.

On July 25, 2007, Ademola Olugbenle was naturalized.  On August 29, 2007, the state court held a hearing and entered an Order Terminating Parents Rights and Granting Adoption of Child.  Ademola Olugbenle became the plaintiff's adoptive parent.

On March 28, 2008, Ademola Olugbenle filed an I-130 petition on plaintiff's behalf, and the plaintiff filed an I-485 form.  On April 28, 2008, the USCIS issued Requests for Evidence, seeking evidence that "the petitioner [was] awarded legal custody of the beneficiary at any time before the finalization of the adoption[.]" (Docket Entry No. 7, Ex. 9 (emphasis omitted)).  The Request

specified that a sworn affidavit showing custody or guardianship would be insufficient.  Instead, the USCIS required "either a final adoption decree or an official document in the form of a written award of custody . . ."  (*Id.* (emphasis omitted)).

On December 23, 2008, the USCIS denied the I-130.  The USCIS explained that under 8 U.S.C. § 1101(b) and 8 C.F.R. § 204.2(d)(vii), the alien child must not only be adopted while under 16 years of age, but must also be in the legal custody of, and have resided with, the adopting parent for at least two years.  *Id.*  The USCIS stated:

> The petitioner submitted the Order Terminating Parent Rights and Granting Adoption of Child[,] which was granted August 29, 2007. The petitioner also submitted a Power or Attorney over Child and Acceptance of Temporary Custodial Care of Minor by Adult resident of ALIEF ISD.
>
> The Power of Attorney over Child is dated September 14, 2004 and was recorded by the County Clerk on September 15, 2004. The Power of Attorney over Child was also signed September 14, 2004. There is no evidence that custody was granted to the petitioner prior to the adoption although in a request for evidence . . . the petitioner was asked if []he was awarded legal custody any time before the adoption and if so, to provide the evidence.
>
> Evidence submitted with the request on December 16, 2008 does not indicate the petitioner was awarded legal custody of the beneficiary prior to the adoption. The Power of Attorney over Child and the Power of Attorney over Child are not evidence of legal custody before adoption, which was granted August 29, 2007.

(Docket Entry No. 7, Ex. 10).  The I-485 the plaintiff filed was also denied.  Neither the plaintiff nor Ademola Olugbenle appealed.

On December 8, 2009, Ademola Olugbenle filed a new I-130 and I-864 on the plaintiff's behalf, and the plaintiff filed a new I-485.  The USCIS approved both on March 4, 2010.  This lawsuit challenges the 2008 denial.

The government has moved to dismiss on two grounds: lack of subject matter jurisdiction and failure to state a claim on which relief can be granted.  For the reasons stated in detail below,

the court finds that the plaintiff cannot state a claim that the USCIS improperly denied the initial I-130 filed on the plaintiff's behalf, making dismissal under Rule 12(b)(6) with prejudice appropriate. In addition, the court finds that it lacks jurisdiction over the remaining bases for challenging the 2008 denial of the petitions and refusal to adjust the plaintiff's status. This civil action is therefore dismissed by separate order.

## I.      Failure to State a Claim

### A.      The Legal Standard Under Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(B)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). The court may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full

text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001).  The court may also consider extrinsic materials such as public records attached to the motion to dismiss without converting the motion into a motion for summary judgment. *Md. Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

### B.    Analysis

The statute and regulation require the following for approval of a visa petition based on his or her adoption by a United States citizen or lawful permanent resident:

> A petition may be submitted on behalf of an adopted child or son or daughter by a United States citizen or lawful permanent resident if the adoption took place before the beneficiary's sixteenth birthday, and if the child has been in the legal custody of the adopting parent or parents and has resided with the adopting parent or parents for at least two years. . . .

> (A) Legal custody means the assumption of responsibility for a minor by an adult under the laws of the state and under the order or approval of a court of law or other appropriate government entity. This provision requires that a legal process involving the courts or other recognized government entity take place. If the adopting parent was granted legal custody by the court or recognized governmental entity prior to the adoption, that period may be counted toward fulfillment of the two-year legal custody requirement. However, if custody was not granted prior to the adoption, the adoption decree shall be deemed to mark the commencement of legal custody. An informal custodial or guardianship document, such as a sworn affidavit signed before a notary public, is insufficient for this purpose.

8 C.F.R. § 204.2(d)(2)(vii); *see also* 8 U.S.C. § 1154(a)(1)(A)(I); 8 U.S.C. § 1101(b)(1)(E)(I).  The requirements for approving a visa petition filed on an adopted alien's behalf are that the alien was younger than 21; the adoption was finalized when the alien was younger than 16; the alien was in the adopting parent's legal custody for at least two years; and the alien resided with the adopting parent for at least two years.  Legal custody requires an order or other official approval from the

5

courts or other government entity.  If there is no custodial order, the adoption decree starts the period of legal custody.  The requirement of showing legal custody for the prior two years cannot be met by an affidavit or informal agreement or arrangement.  *See* 8 C.F.R. § 204.2(d)(2)(vii); *see also* 8 U.S.C. § 1154(a)(1)(A)(i); 8 U.S.C. § 1101(b)(1)(E)(i).

The record shows that the USCIS properly denied the I-130 and the related I-485 based on finding that the plaintiff was not in Ademola Olugbenle's legal custody before the August 29, 2007 Order Granting Adoption of Child entered by the Harris County District Court.  There is no evidence of any prior custodial order.  As a result, in March 2008, when Ademola Olugbenle filed the I-130 on the plaintiff's behalf and the plaintiff filed the I-485, and in December 2008, when the USCIS denied the petitions, there was no evidence that the plaintiff had been in Ademola Olugbenle's legal custody for at least two years.

The plaintiff cannot state a claim on which relief can be granted.  Dismissal under Rule 12(b)(6) is appropriate.  Because amendment would be futile, the dismissal is with prejudice and without leave to amend.

## II.     Dismissal for Lack of Subject-Matter Jurisdiction

### A.     The Legal Standard under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)).  "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the

court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741.  The court may consider matters outside the pleadings, such as testimony and affidavits.  *See Garcia*, 104 F.3d at 1261.

### B.      Analysis

The plaintiff asks this court to issue an order compelling the USCIS to amend the date the plaintiff became a lawful permanent resident to before December 31, 2008, when the initial I-130 and I-485 were denied, in order to enable him to claim citizenship through his naturalized-citizen adoptive parent before turning 18.  (Docket Entry No. 1, ¶¶ 7, 8, 9).  To the extent the plaintiff is asking this court to review determinations about adjustments of status, this court lacks jurisdiction. *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 276-77 (5th Cir. 2008) (the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), deprives district courts of jurisdiction to review adjustment-of-status determinations); *Cardoso v. Reno*, 216 F.3d 512 (5th Cir. 2000) (the district court lacks jurisdiction over review of adjustment-of-status applications because the petitioner, who has the right to renew the application in a removal proceeding, has not exhausted his administrative remedies).

The plaintiff also asserts jurisdiction based on the Immigration and Nationality Act, 8 U.S.C. § 1329, (Docket Entry No. 1, ¶ 4), but the Act does not provide an independent basis for jurisdiction in cases not "brought by the United States."  8 U.S.C. § 1329 ("Nothing in this section shall be

construed as providing jurisdiction for suits against the United States or its agencies or officers.");

*see Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 475, 477 n.4 (1999).

The plaintiff asserts jurisdiction based on 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.  The declaratory judgment statute does not provide an independent basis for jurisdiction.  *See Skelly Oil v. Phillips Petroleum*, 339 U.S. 667, 671-72 (1950); *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010).

Finally, to the extent the plaintiff is himself challenging the denial of the I-130, which he did not file but which was filed on his behalf, the case law supports the absence of his standing to do so.  *See Kale v. INS*, 37 F. App'x 90 (5th Cir. 2002) (a visa-petition beneficiary, as opposed to the person filing the petition, does not have standing to challenge the denial of the petition); *Khalid v. DHS*, No. 4:12-cv-3492, 2014 WL 793078 (S.D. Tex. Feb. 25, 2014) (finding lack of prudential standing).

In summary, this case cannot proceed because of deficiencies in both jurisdiction and the merits.  It is dismissed, with prejudice.

SIGNED on June 8, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge